MAHONEY v. SMITH.

(Supreme Court, Appellate Division, First Department.  May 14, 1909.)

1. CONTRACTS (§ 349*)—BREACH OF BUILDING CONTRACT—EVIDENCE.
    In an action for refusal to allow plaintiff to complete a building contract, wherein plaintiff sought to excuse delay on the ground of a strike among workmen, defendant may show that an employers' association, which plaintiff joined after the commencement of the work under the contract and the beginning of a strike among the builders' employés, promulgated an order that members should not employ any more men than they were then employing, nor receive or deliver materials for any building, without authority from the association's governing board.
    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 349.*]

2. CONTRACTS (§ 300*)—BUILDING CONTRACTS—EXCUSE FOR BREACH—CONSTRUCTION OF STRIKE CLAUSE.
    The clause in a builder's contract making a strike among workmen a valid excuse for delay does not protect a contractor from the consequences of a voluntary lockout against employés on his part.
    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 300.*]

    McLaughlin, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by Robert J. Mahoney against Robert Smith.  From a judgment on the verdict for plaintiff, and from an order denying a new trial, defendant appeals.  Reversed.

Argued before PATTERSON, P. J., and LAUGHLIN, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Franklin Pierce, for appellant.

Claude Gignoux, for respondent.

HOUGHTON, J.  The action is to recover damages for refusal to allow the completion of a building contract made by the plaintiff with the defendant.  The plaintiff claims that the defendant refused to permit him to complete, and the defendant claims that there was such an abandonment of the contract as justified him in taking possession and reletting.

We are of the opinion that the verdict of the jury in favor of plaintiff is against the weight of evidence upon the question of readiness to fulfill on the part of the plaintiff and proper prosecution of the work on his part.  We are also of the opinion that error was committed upon the trial in refusing to receive orders promulgated by the board of governors of the Building Trades Employers' Association.

The plaintiff's contract contained a strike clause, and there is evidence that a strike existed for some portion of the month of May.  The plaintiff testified that in the month of June he joined the Building Trades Employers' Association.  The defendant offered to show that that association, shortly after the plaintiff joined it, promulgated an order to the effect that members should not employ any more men than they were then employing, nor deliver or receive any material for any building, until further authorized to do so by the governing board.  If the plaintiff voluntarily joined an association, and submitted himself

to its directions respecting employment of men or continuance of building operations, it had a material bearing upon whether he was performing the contract with defendant with due diligence. The strike clause contained in his contract did not protect him from the consequences of a voluntary lockout on his part. The defendant's evidence showed that, when he protested that the work was not proceeding as it should, the plaintiff gave as an excuse that he belonged to the association and could not employ any more men than he was employing, and that because of the restrictions of the association the work could not proceed more rapidly than it was proceeding. The plaintiff denied this, but admitted that he belonged to the association. It was proper, as bearing on the probabilities, for the defendant to show the orders promulgated by the association, and it was then for the plaintiff to prove whether he was obeying or disobeying them, or whether he considered himself bound by them or not.

The jury has found very substantial damage resulting to the plaintiff from defendant taking possession of the work and refusing to permit plaintiff to complete his contract, and their verdict might have been influenced by proof that plaintiff had voluntarily put himself in a position so that he could not prosecute the work with proper diligence, because of his joining the association and the orders which it promulgated.

We think the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

PATTERSON, P. J., and LAUGHLIN and SCOTT, JJ., concur. McLAUGHLIN, J., concurs in the result.